1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  CHRISELDA GUAJARDO and LARISSA     )
    SIANEZ,                            )        2:07-CV-1713-GEB-EFB
13                                     )
                       Plaintiffs,     )
14                                     )
          v.                           )        ORDER*
15                                     )
    ITT TECHNICAL INSTITUTE, INC. and  )
16  DOES 1 through 50, inclusive,      )
                                       )
17                     Defendants.     )
    _____)

18

19          Plaintiffs move to amend their Complaint to join Robert

20  Wickstrom ("Wickstrom") as a defendant, and contend this joinder

21  destroys diversity jurisdiction and therefore this action should be

22  remanded to the state court from which it was removed.  Plaintiffs are

23  California citizens and sued Defendant ITT Technical Institute, Inc.

24  ("ITT") in state court based on Plaintiffs' claims that ITT's

25  employees sexually harassed Plaintiffs in violation of the California

26  Fair Employment and Housing Act ("FEHA"), retaliated against

27  _____

28          *    This matter was determined to be suitable for decision without
    oral argument.  L.R. 78-230(h).

                                    1

Plaintiffs in violation of the FEHA, and constructively terminated
Plaintiffs.  (Compl. ¶¶ 23-43.)  ITT was incorporated in Delaware and
has its principal place of business in Indiana.  (Def.'s Not. of
Removal at 2-3.)

When "[a] plaintiff seeks to join [an] additional
defendant[] [after removal] whose joinder would destroy subject matter
jurisdiction," the motion is determined under 28 U.S.C. § 1447(e).
"[A] wide range of factors" may be considered when deciding whether to
permit joinder, including whether joinder is intended solely to defeat
diversity jurisdiction and whether the claims against the new
defendant appear valid.  <u>Gunn v. Wild</u>, 2002 WL 356642, at *3 (N.D.
Cal. Feb. 26, 2002); <u>see</u> <u>Palestini v. Gen. Dynamics Corp.</u>, 193 F.R.D.
654, 658 (C.D. Cal. 2000).

ITT argues that Plaintiffs seek to join Wickstrom, a
California citizen who was Plaintiffs' supervisor at ITT, "for the
sole purpose of destroying diversity."  (Def.'s Opp'n to Pls.' Mot.
for Leave to Am. and to Remand ("Opp'n") at 1:25.)  ITT contends,
<u>inter</u> <u>alia</u>, that "Wickstrom as an individual cannot bring relief to
the Plaintiffs different from the relief [Plaintiffs seek from ITT]."
(Opp'n at 3:1-2.)  "However, in addition to [ITT's] potential
liability, [Wickstrom] could be personally liable [under the FEHA]"
because the FEHA "has been interpreted to provide that an individual
supervisor can be held liable . . . under the FEHA, separate and
distinct from the liability incurred by an employer."  <u>Bakshi v. Bayer</u>
<u>Healthcare, LLC</u>, 2007 WL 1232049, at *3 (N.D. Cal. April 26, 2007)
(holding that under the FEHA plaintiff could seek to make her
supervisor personally liable for her damages even though she was also
seeking to establish her employer was liable).  Plaintiffs allege that

1  Wickstrom was Plaintiffs' "supervisor/co-employee"; that he verbally
2  and physically harassed Plaintiffs, in part by showing them
3  "pornographic material depicting [] Wickstrom masturbating"; and that
4  Wickstrom wore a "pornographic sexual explicit costume" to a company
5  party. (Compl. ¶¶ 8, 15.)  Since Plaintiffs allege Wickstrom was the
6  perpetrator of the sexual harassment and Wickstrom could be liable for
7  this FEHA claim, ITT has not shown that Plaintiffs' motion to join
8  Wickstrom as a defendant was brought solely for the purpose of
9  defeating diversity jurisdiction.

10         ITT also argues that Plaintiffs' allegations against
11  Wickstrom are not valid since Plaintiffs failed to name Wickstrom in
12  the caption of the administrative complaints that Plaintiffs filed in
13  the Department of Fair Employment and Housing.  (Opp'n at 2:6-18.)
14  ITT argues that since the caption only names ITT, Plaintiffs have not
15  exhausted administrative remedies applicable to their action against
16  Wickstrom.  (Opp'n at 2:22-24.)  Plaintiffs counter that since they
17  named Wickstrom as the perpetrator of the sexual harassment in the
18  body of their administrative complaints, ITT has not shown that
19  Plaintiffs failed to exhaust administrative remedies against
20  Wickstrom.  (See Decl. of Jessica Butterfield in Supp. of Opp'n, Exs.
21  A & B.)  ITT's argument fails to defeat Plaintiffs' motion.

22         Therefore, Plaintiff's motion to amend is granted and
23  Plaintiffs' proposed first amended complaint filed on September 11,
24  2007 (attachment number 1 to docket number 11) is deemed filed and
25  served on the date on which this Order is filed.  Since the amended
26  complaint destroys diversity jurisdiction, this action is remanded to
27  the California Superior Court for the County of San Joaquin, Stockton
28  Branch, from which it was removed.  Lastly, Plaintiffs' request for

attorney's fees incurred as a result of bringing their remand motion is denied since when ITT removed the action there was complete diversity.   See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (holding that courts may award attorney's fees for remand motions "only where the removing party lacked an objectively reasonable basis for seeking removal.").

IT IS SO ORDERED.

Dated:   January 9, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge